IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CANDICE HERRERA, *et al.*,

    Plaintiffs,

v.

SANTA FE PUBLIC SCHOOLS, *et al.*

    Defendants.

Case No. 11-CV-00422 JB/KBM

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), telephonic meetings were held on July15, 2011, July 18, 2011, and July 19, 2011 and were attended by:

Reed N. Colfax for Plaintiffs

Gerald Coppler and Andrew M. Sanchez, Sr., for Defendants Santa Fe Public Schools, Santa Fe Public Schools Board of Education, Bobbie J. Gutierrez, Melanie Romero, and Robert Stephens (the "School Defendants")

Alisa Wigley-DeLara for Defendant ASI New Mexico, LLC ("ASI")

### NATURE OF THE CASE

This is a putative class action brought by two students at Capital High School in Santa Fe, New Mexico, who allege that the searches of their and their fellow students' bodies and possessions conducted and/or supervised by the various Defendants at the entrance to the 2011 Capital High School prom exceeded the boundaries of a permissible search under the Fourth Amendment of the United States Constitution and the New Mexico Constitution. Plaintiffs bring claims for violation of the United States Constitution under 42 U.S.C. § 1983, violation of the New Mexico Constitution under NMSA § 41-4-6, *et seq.*, battery, intentional infliction of emotional distress, and prima facie tort.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiffs cannot assess at this time whether amendments to pleadings or joinder of parties will be necessary. Plaintiffs anticipate that through the discovery process they will be able to identify the John/Jane Doe defendants named in the Complaint.

Plaintiffs should be allowed until September 30, 2011, to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants should be allowed until October 31, 2011, to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The Parties stipulate to any facts admitted in Defendants' answers.

The parties further stipulate and agree that the law governing this case is the United States Constitution, the New Mexico Constitution, 42 U.S.C. § 1983, NMSA § 41-4-6, and New Mexico common law.

## PLAINTIFFS' CONTENTIONS

Plaintiffs Candice Herrera and her younger sister, T.H., who are students at Capital High School in Santa Fe, New Mexico, allege, on behalf of themselves and other similarly situated students, that Santa Fe Public Schools and its officials, and ASI New Mexico and its employees violated their rights by conducting overly intrusive searches of students' bodies and possessions before allowing entrance to the Capital High School Prom on April 16, 2011. When they arrived at the Prom, Plaintiffs Candice Herrera, who is a senior, and T.H., who is a sophomore, were told to spread their arms and legs, had their breasts and bras grabbed and shaken, their dresses lifted,

and their legs inspected as part of the regular search of all students at the Prom. The searches occurred in public view and in front of other students and Capital High School staff. Both school officials and ASI employees searched students' possessions themselves.

Defendants further confiscated without basis or explanation such innocuous items as a bottle of prescription medicine, a small bottle of lotion, and nail clippers. Plaintiffs allege that blanket searches of students' bodies and possessions have become the custom and practice at school events.

Plaintiffs also refer the Court to the Complaint and all contentions contained therein.

## **DEFENDANTS' CONTENTIONS**

The School Defendants deny that they violated the named plaintiffs' (or other prom attendees') rights under the Fourth Amendment to the United States Constitution or under the New Mexico Constitution. There were important governmental interests for conducting searches of those attending the Capital High School prom and such searches were not unreasonable. The School Defendants further deny the characterizations made by plaintiffs as to the extent and scope of the searches of plaintiff Candice Herrera and T.H. and their belongings.

With regard to plaintiffs' tort claims against the School Defendants, they deny the claims generally and state further that there is no waiver of immunity for such claims under the New Mexico Tort Claims Act and such claims should be dismissed. In addition, the individual School Defendants are entitled to qualified immunity as to plaintiffs' civil rights claims.

Defendant ASI denies all contentions of the Plaintiffs. In particular, Defendant ASI denies the searches of Candace Herrera and T.H. were conducted in the scope and manner described, and further denies that searches of any other attendees of the Capital High School prom were conducted in the scope and manner described. The searches conducted at the Capital

High School prom were not unreasonable and no prom attendees were touched in an inappropriate manner.

In relation to Plaintiffs' 42 U.S.C. § 1983 claims, Defendant ASI denies it or its employees were state actors or acting under color of law.  As such, Defendant ASI did not violate any right protected by the United States Constitution.  Alternatively, if Defendant ASI is deemed to be a state actor, Plaintiffs have failed to allege conduct to waive immunity under the New Mexico Tort Claims Act as to Defendant ASI.  All tort claims should be dismissed.

## PROVISIONAL DISCOVERY PLAN

**The parties jointly propose to the Court the following discovery plan:**

<u>Witnesses the Parties think will either testify or be deposed:</u>

Plaintiffs:

Candace Herrera
(Contact through counsel for Plaintiffs)
Testimony regarding the searches performed by Defendants at Santa Fe Public Schools, damages.

T.H.
(Contact through counsel for Plaintiffs)
Testimony regarding the searches performed by Defendants at Santa Fe Public Schools, damages.

Vincent Herrera
(Contact through counsel for Plaintiffs)
Testimony regarding the searches performed by Defendants at Santa Fe Public Schools, Defendants' responses to complaints regarding searches conducted on Santa Fe Public School students, damages.

Bobbie Gutierrez
(Contact through counsel for SFPS Defendants)
Testimony regarding the Defendants' policies, practices, and training related to searches of Santa Fe Public School students, searches conducted at Santa Fe Public Schools events, Santa Fe Public Schools' relationship with ASI.

Susan Lujan
(Contact through counsel for SFPS Defendants)

Testimony regarding the Defendants' policies, practices, and training related to searches of Santa Fe Public School students, searches conducted at Santa Fe Public Schools events, Santa Fe Public Schools' relationship with ASI.

Melvin Morgan
 (Contact through counsel for SFPS Defendants)
Testimony regarding the Defendants' policies, practices, and training related to searches of Santa Fe Public School students, searches conducted at Santa Fe Public Schools events, Santa Fe Public Schools' relationship with ASI.

Melanie Romero
(Contact through counsel for SFPS Defendants)
Testimony regarding the Defendants' policies, practices, and training related to searches of Santa Fe Public School students, searches conducted at Capital High School events, Santa Fe Public Schools' relationship with ASI.

Robert Stephens
(Contact through counsel for SFPS Defendants)
Testimony regarding the Defendants' policies, practices, and training related to searches of Santa Fe Public School students, searches conducted at Santa Fe High School events, Santa Fe Public Schools' relationship with ASI.

Mary Ellen Gonzales
(Address Unknown)
Testimony regarding the Defendants' policies and practices related to searches of Santa Fe Public School students, searches conducted at Santa Fe High School events.

Mark Archuleta
 (Contact through counsel for ASI Defendants)
Testimony regarding the Defendant's policies, practices, and training related to searches, searches conducted at Capital High School events, Santa Fe Public Schools' relationship with ASI, ASI communications with SFPS officials regarding searches of Santa Fe Public Schools students.

In addition to the above-identified witnesses, Plaintiffs anticipate taking the depositions of additional Santa Fe Public Schools administrators and staff with decision-making and implementation authority related to District policies on searches of students once they are identified through discovery; Capital High School administrators and staff with decision-making and implementation authority related to School policies on searches of students once they are identified through discovery; school staff with knowledge related to the training of school officials related to student searches; school staff who conducted searches at school events once they are identified through discovery; ASI officials with decision-making and implementation authority related to searches and training of employees once they are identified through discovery; ASI employees who conducted searches at Santa Fe Public School events once they are identified through discovery; and students searched by Defendants.

Defendants: In addition to those individuals identified above, at this time, Defendants may call:

Cpl. Rebecca Reyes, Supervisor, ASI
Cpl. Daniel Aguilar, Supervisor, ASI
Patrick Arquero, Field Officer, ASI
Lydell Lewis, Field Officer, ASI
Michael Roybal, Field Officer, ASI
Sandra Vigil, Field Officer, ASI
Benjamin Zamora, Field Officer, ASI
c/o Guebert Bruckner P.C.

The above referenced individuals may testify about the security practices, protocols, and standard operating procedures of Defendant ASI generally and at the Capital High School prom and the scope and manner of the searches conducted at the Capital High School prom.

List of all documents that the Parties believe, at this time, will be exhibits at the trial:

Plaintiffs have not yet identified documents they anticipate will be used as exhibits at trial.

Defendants have not yet identified documents they anticipate will be used as exhibits at trial.
List all experts who parties believe, at this time, will testify at the trial:

Plaintiffs have not identified at this time the experts they believe will testify at trial.

Defendants have not identified at this time the experts they believe will testify at trial.


Discovery will be needed on the following subjects:

The parties will need discovery on the issues related to Plaintiffs' claims including, but not limited to: Defendant SFPS and ASI's search policies and practices; Defendants' training of its employees on proper search techniques and methods; the searches conducted at Santa Fe Public Schools events; the students affected by Defendants' search practices; Defendants activities, including, size, financial status, and nature of ASI's operations; the constitutional, battery, intentional infliction of emotional distress, and prima facie tort claims alleged in the Complaint; liability issues; damages issues; and all issues related to Defendants' affirmative defenses.

Number of interrogatories/request for admission:

    Maximum of 50 interrogatories by each of Plaintiffs, SFPS, and ASI to any other party. (Responses due 30 days after service).

    Maximum of 50 requests for admission by each of Plaintiffs, SFPS, and ASI to any other party. (Responses due 30 days after service).

Maximum of number/length of depositions:

    Plaintiffs' Position:

        25 total depositions by all Plaintiffs and 25 total depositions by all Defendants.

    Defendants' Position:

        10 total depositions by all Plaintiffs and 10 total depositions by all Defendants.

    Each deposition limited to maximum of seven hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

Plaintiffs' position:

    From Plaintiffs by February 2, 2012.

    From Defendants by March 30, 2012.

Defendants' position:

    From Plaintiffs by August 29, 2011

    From Defendants by September 29, 2011

Supplementation of discovery responses:

    Supplementation under Rule 26(e) will be due within 14 days of determining supplementation is necessary.

Discovery to be completed by:

    Plaintiffs' position:

        Discovery to be completed by April 27, 2012.

Defendants' position:

Discovery to be completed by March 1, 2012

## PRETRIAL MOTIONS

Plaintiffs intend to file a Motion for Preliminary Injunction and a Motion for Class Certification.

Defendants intend to file: Motions to Dismiss and/or summary judgment and for qualified immunity.

## ESTIMATED TRIAL TIME

Plaintiffs cannot provide an accurate estimate on the length of trial until the Court rules on Plaintiffs' Motion for Class Certification and the Court and parties determine the structure of the class proceedings.

Defendants – as the case presently stands, 3-4 days.

This is a jury case.

The parties request a pretrial conference sixty days before trial.

## SETTLEMENT

Plaintiffs believe that the possibility of settlement in this case would be enhanced by the use of a private mediator who would be able to commit the substantial amount of time necessary to work through the issues that must be addressed in any settlement of this matter.

Defendants would prefer an early settlement conference with the United States Magistrate Judge assigned to this case or with another local United States Magistrate Judge agreeable to the parties.

## EXCEPTIONS

As stated herein.

APPROVED WITH EXCEPTIONS

/s/ Reed Colfax
For Plaintiffs


/s/ Gerald Coppler
/s/ Andrew M. Sanchez, Sr.
For Defendants Santa Fe Public Schools, Santa Fe
Public Schools Board of Education, Bobbie J.
Gutierrez, Melanie Romero, and Robert Stephens


/s/ Alisa Wigley-DeLara
For Defendant ASI New Mexico, LLC