IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CANDICE HERRERA, T.H., a minor by
and through her father and guardian
VINCENT HERRERA, ASHLEY HURTADO,
ARIANNA LONDON,

      Plaintiffs,

vs.                                                               No. CIV 11-0422 JB/KBM

SANTA FE PUBLIC SCHOOLS, SANTA FE
PUBLIC SCHOOLS BOARD OF EDUCATION,
BARBARA GUDWIN, GLENN WIKLE,
LINDA TRUJILLO, FRANK MONTANO,
STEVEN J. CARRILLO, in their official
capacities as members of the Santa Fe Public
Schools Board of Education, BOBBIE J. GUTIERREZ,
in her official capacity as Superintendent of Santa Fe Public
Schools, MELANIE ROMERO, individually and in her
official capacity as Principal of Capital High
School, LESLIE KILMER, in her official capacity
as Principal of Santa Fe High School as a necessary party
for complete relief, and ASI NEW MEXICO, LLC,

      Defendants.

# MEMORANDUM OPINON AND ORDER[1]

**THIS MATTER** comes before the Court on Defendant ASI New Mexico, LLC's Motion for Protective Order, filed January 28, 2014 (Doc. 175)("Motion"). The Court held a hearing on March 5, 2014. The primary issue is whether the Court should issue a protective order with respect to the scheduled deposition of Troy Dunn, Sr., an employee of Defendant ASI New

---

[1]In its Sealed Memorandum Opinion and Order, filed May 23, 2014 (Doc. 217)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties 14 calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

Mexico, LLC.  For the reasons stated on the record, the Court will deny the Motion.

In its Second Scheduling Order, filed July 23, 2014 (Doc. 169), the Court set the deadline for discovery for January 31, 2014.  See Second Scheduling Order at 1.  Beginning in late November, 2013, the Plaintiffs attempted to set the deposition of a witness for ASI New Mexico under rule 30(b)(6) of the Federal Rules of Civil Procedure.  See Plaintiffs' Opposition to Defendant ASI's Motion for Protective Order Regarding the Deposition of Troy Dunn, Sr. at 2, filed January 29, 2014 (Doc. 176)("Response").  ASI New Mexico claimed that it could not identify rule 30(b)(6) representatives based on the Plaintiffs' draft deposition notice.  See Response at 2.  The Plaintiffs, therefore, asked ASI New Mexico to state when it could make each of three managers, including Dunn, available for deposition.  See Response at 2.  The Plaintiffs repeatedly requested that ASI New Mexico make him available, but ASI New Mexico never gave the Plaintiffs any dates for Dunn's deposition.  See Response at 2-3.  Concerned that the deadline was rapidly approaching, the Plaintiffs, on January 27, 2014, issued a notice of deposition.  See Response at 3.

ASI New Mexico, relying principally upon the notice requirements of rule 30(b) and D.N.M.LR-Civ. 30.1, seeks "a protective order against the deposition of ASI employee Troy Dunn, Sr., which has been noticed for January 31, 2014."  Motion at 1.  D.N.M.LR-Civ. 30.1 states:

> Counsel must confer in good faith regarding scheduling of depositions before serving notice of deposition.  Service of notice of deposition in accordance with FED. R. CIV. P. 30(b) must be made at least fourteen (14) days before the scheduled deposition.  Proof of service of notice to take a deposition is not filed with the Clerk except when the adequacy or content of the notice is the basis for a motion, or response to a motion, relating to FED. R. CIV. P. 30 or 31.  The time for serving notice may be shortened by agreement of all parties or by Court order

D.N.M.LR-Civ.30.1.   ASI New Mexico argues that the shortened period of time that the Plaintiffs try to use for the Dunn deposition does not allow it adequate time to prepare Dunn for his deposition.  See Motion *passim*.

The Plaintiffs argue that ASI New Mexico had not provided a date for Dunn's deposition despite their at least four requests that it do so; the Plaintiffs attach electronic mail transmissions between counsel to that effect.  See Response at 1.  In Defendant ASI New Mexico, LLC's Reply in Support of Motion for Protective Order, filed February 12, 2014 (Doc. 177)("Reply"), ASI New Mexico substantially argues that the Plaintiffs have not "justif[ied] their failure to comply with the notice requirements of" rule 30 and local rule 30.1, and that the delay has prevented it from preparing Dunn for his deposition.  Reply at 1-4.

At the hearing, the Court noted that, having reviewed the materials attached to the Response, it appeared that ASI New Mexico had committed to make Dunn available, and it needed to keep its word to make him available and to provide dates to the Plaintiffs on which they could depose Dunn.  See Transcript of Hearing at 2:17-3:11 (Court), taken March 5, 2014, ("Tr.").[2]  ASI New Mexico stated that it had relied on the local rules in its Motion, but that it did not have a problem with the Court's solution, and that it was willing to work with the Plaintiffs' counsel to arrive at acceptable dates.  See Tr. at 3:14-16 (Tucker).  Accordingly, the Court stated that it would deny the Motion.  See Tr. at 3:17-18 (Court).

When a party promises that it will provide a witness and dates for a deposition, it needs to do what it says.  Civil discovery requires that level of cooperation.  Parties have to be able to rely

---

[2] The Court's citations to the transcript of the hearing reflect the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

- 3 -

on what others report they will do if civil discovery is going to function without judicial intervention. A lawyer's word must be his or her bond. Parties should not be able to promise to provide dates, not do so, and then, when the other side relies on that promise for too long, say the rule provides that they waited too long. The rules should not be used to create an injustice. D.N.M.LR-Civ. 1.7 states that the local rules "may be waived by a Judge to avoid injustice." D.N.M.LR-Civ. 1.7. It is in the interests of justice not to use the rules to block the deposition. There is good cause to extend the discovery deadline. The Court will extend the deadline for discovery to allow the deposition.

The Plaintiffs perhaps should have reacted earlier to avoid the problem. But it is hard to read the electronic mail transmissions and conclude that the Plaintiffs have done anything but acted professionally and honestly; if they had just set the deposition earlier without conferring, ASI New Mexico would probably have complained about the lack of a meet-and-confer.

The Court's decision is a win-win for everyone. The Plaintiffs get the depositions they were promised. ASI New Mexico gets plenty of time to prepare Dunn for his deposition. ASI New Mexico shall provide the Plaintiffs with a date for Dunn's deposition, as it has promised.

**IT IS ORDERED** that Defendant ASI New Mexico, LLC's Motion for Protective Order, filed January 28, 2014 (Doc. 175), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Aimee Bevan
Friel & Levy, P.C.
Santa Fe, New Mexico

--and--

Megan Cacace
Relman, Dane & Colfax PLLC
Washington, D.C.

--and--

Reed N. Colfax
Relman, Dane & Colfax PLLC
Santa Fe, New Mexico

 *Attorneys for the Plaintiffs*

Andrew M. Sanchez, Sr.
Matthew Lee Campbell
Cuddy & McCarthy, LLP
Albuquerque, New Mexico

-- and --

Gerald A. Coppler
Coppler Law Firm, P.C.
Santa Fe, New Mexico

 *Attorneys for Defendants Santa Fe Public Schools*
  *Board of Education, Barbara Gudwin, Glenn Wikle,*
  *Linda Trujillo, Frank Montano, Steven J. Carrillo,*
  *Bobbie J. Gutierrez, and Melanie Romero*

Robert Conklin
Robin A. Goble
Matthew Thomas Tucker
Conklin, Woodcock & Zeigler, P.C.
Albuquerque, New Mexico

 *Attorneys for Defendant ASI New Mexico, LLC*